**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK J. THUN, Plaintiff, v. MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant. | NO. CV 11-2329-E **MEMORANDUM OPINION AND ORDER OF REMAND** |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on March 18, 2011, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 4, 2011.

Plaintiff filed a motion for summary judgment on September 14, 2011. Defendant filed a motion for summary judgment on November 10, 2011. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed March 22, 2011.

**BACKGROUND**

Plaintiff, a former general contractor and concrete mason, asserted disability based on, inter alia, arthritis in all of his joints, shoulder problems, a skin condition, and pain (Administrative Record ("A.R.") 137-39, 146-48). An Administrative Law Judge ("ALJ") found that Plaintiff suffered from severe psoriasis, degenerative arthritis in his left shoulder, depression (not otherwise specified), discogenic disease of the lumbosacral spine and psoriatic arthritis (A.R. 18-19). However, the ALJ also found that these impairments were not disabling (A.R. 20-32).

The ALJ determined that Plaintiff retained the residual functional capacity for medium work with the following limits:

> [Plaintiff] can stand or walk no more than 5 hours in an 8 hour day; he can sit no more than 6 hours in an 8 hour day; he can lift no more than 20 pounds frequently and 40 pounds occasionally; he can do only occasional overhead reaching with the left, non-dominant arm; his fine fingering and gross handling abilities are limited to frequent, not constant; he must avoid unprotected heights and dangerous machinery; and he can handle simple and complex

instructions.

(A.R. 24, 26 (emphasis added); see also A.R. 86-88 (Plaintiff testifying that he could lift and carry 20 to 40 pounds, stand and walk "probably five hours" in an eight-hour workday, and sit without limitation)).[1] Relying on vocational expert testimony, the ALJ concluded that a person retaining this capacity could perform Plaintiff's past relevant work as a masonry contractor (A.R. 30-31 (adopting vocational expert testimony at A.R. 91-92)). The Appeals Council considered additional medical records submitted by Plaintiff, but denied review (A.R. 1-4, 271-369).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401

---

[1] SSR 83-10 instructs that a full range of medium work "requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds." See SSR 83-10; see also 20 C.F.R. § 404.1567(c) (defining medium work as requiring "frequent lifting or carrying of objects weighing up to 25 pounds"). Social Security rulings are binding on the Administration. Terry v. Sullivan, 903 F.2d 1273, 1275 n. 1 (9th Cir. 1990).

(1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the Administrative Record for purposes of the Court's analysis. See Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (in remanding administrative decision, the Ninth Circuit relied on treatment records submitted for the first time to the Appeals Council, which had considered the records in the context of denying review); Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993) ("[A]lthough the Appeals Council declined to review the decision of the ALJ, it reached this ruling after considering the case on the merits; examining the entire record, including the additional material; and concluding that the ALJ's decision was proper and that the additional material failed to provide a basis for changing the hearing decision. For these reasons, we consider on appeal both the ALJ's decision and the additional material submitted to the Appeals Council") (citations and quotations omitted); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information [a doctor's opinion] and it became part of the record we are required to review as a whole"); accord Lingenfelter v. Astrue, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007); Healy v. Astrue, 379 Fed. App'x 643, 646 (9th Cir. May 18, 2010); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

///

///

///

**DISCUSSION**

Plaintiff contends, inter alia, that the ALJ erred by failing to include in the hypothetical questioning of the vocational expert all of the limitations the ALJ found to exist. See Plaintiff's Motion at 9-10. The ALJ appears to have adopted a residual functional capacity based at least in part on Plaintiff's testimony concerning his limitations. Compare A.R. 24 (Plaintiff's residual functional capacity) with A.R. 26 (ALJ's description of Plaintiff's similar testimony) and A.R. 86-88 (Plaintiff's testimony). In finding that Plaintiff could perform his past relevant work notwithstanding these limitations, the ALJ relied on the opinion of a vocational expert who was present during Plaintiff's testimony (A.R. 31). The vocational expert opined that a person having "the limitations and work restrictions. . . [Plaintiff] alleges he has and has had since the time . . . he stop[ped] work" could perform Plaintiff's past relevant work as a masonry contractor, provided that the person could nap during breaks or at lunch (A.R. 91-92; see also A.R. 87 (Plaintiff testifying that he naps at noon time)). Neither the ALJ nor the vocational expert precisely delineated those functional limitations the vocational expert assumed in offering such opinion (A.R. 91-92).

The vocational expert described Plaintiff's past relevant work as a masonry contractor as performed at the "light level" and agreed with the ALJ that Plaintiff could do light work (A.R. 91-92; see also A.R. 187 (expert's past relevant work analysis)). The relevant Dictionary of Occupational Titles ("DOT") listing for masonry contractor (DOT 182.167-010), lists the job as light work. See DOT 182.167-010; see

also A.R. 187 (identifying DOT section and noting an "occupationally significant characteristic" of "extensive standing and walking") (emphasis added). Social Security Ruling 83-10 instructs that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." See SSR 83-10 (emphasis added). In the present case, however, Plaintiff testified (and the ALJ found) that Plaintiff could stand for only five hours in an eight-hour day (A.R. 24, 87).

Where a hypothetical question fails to "set out all of the claimant's impairments," the vocational expert's answers to the question cannot constitute substantial evidence to support the ALJ's decision. See, e.g., Gamer v. Secretary, 815 F.2d 1275, 1280 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). Assuming, arguendo, the hypothetical question "set out" (through incorporation by reference) all of Plaintiff's limitations the ALJ found to exist, including the limitation of no more than five hours of standing, the vocational expert's opinion appears to have been in conflict with the DOT. See, e.g., Pearce v. Astrue, 2009 WL 3698514, at *4 (W.D. Wash. Nov. 3, 2009) (vocational expert's testimony that plaintiff, who was limited to standing for four hours, could perform job requiring standing for six hours was "at odds" with the DOT). Social Security Ruling 00-4p provides:

> Occupational evidence provided by a [vocational expert] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent

unresolved conflict between [vocational expert] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire on the record, as to whether or not there is such consistency.

Neither the DOT nor the [vocational expert] evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the [vocational expert] is reasonable and provides a basis for relying on the [vocational expert] testimony rather than on the DOT information.

In Plaintiff's case, the ALJ did not inquire of the vocational expert whether the expert's testimony was consistent with the information in the DOT. See A.R. 91-93.[2] Nor did the ALJ seek an explanation for preferring the vocational expert's testimony over the conflicting information in the DOT. This was error. See SSR 00-4p;

---

[2] A second hypothetical posed to the expert questioned whether a person who, inter alia, could stand and/or walk six hours out of an eight-hour day with other limitations could perform Plaintiff's past relevant work (A.R. 92-93). In response to that question, the vocational expert testified that the person could perform the work as a masonry contractor consistent with how the job is performed in the national economy per the Dictionary of Occupational Titles (A.R. 93). This testimony cannot support the ALJ's decision because the second hypothetical question manifestly failed to "set out" at least one of Plaintiff's limitations, i.e., the limitation to no more than five hours of standing.

Light v. Social Security Administration, 119 F.3d 789, 794 (9th Cir. 1997) (error that "[n]either the ALJ nor the vocational expert explained the reason for departing from the DOT"); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) ("an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation"); Thompson v. Astrue, 2011 WL 643109, at *12 (W.D. Wash. Jan. 28, 2011), adopted, 2011 WL 686757 (W.D. Wash. Feb. 18, 2011) (finding that ALJ erred by: (1) failing to inquire of the vocational expert whether the expert's testimony was consistent with the DOT, where the claimant was able to stand and/or walk for only two hours in an eight-hour day and the DOT described the relevant jobs identified by the expert as "light"; and (2) failing to elicit from the expert a reasonable explanation for conflict with the DOT).

The ALJ's errors with respect to the vocational expert testimony may have been material. The vocational expert did not explain how a limited ability to stand and/or walk would impact Plaintiff's past relevant work as a masonry contractor, and did not offer an opinion concerning whether there were any other jobs that a person with Plaintiff's limitations could perform. Because the circumstances of the case suggest that further administrative review is needed to determine whether Plaintiff has been prejudiced by the ALJ's failure properly to question the vocational expert, remand is appropriate. See McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare

circumstances).

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 14, 2011.

_____________/S/_________________
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.